**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ERNEST A.N.,

                              Petitioner,

                                                      Civil No. 26-3470 (JRT/SGE)

v.

TODD BLANCHE, *U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and

JOEL BROTT, *Sheriff, Sherburne County*,

                              Respondents.
                                          .

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Mark G. Schroeder and Paige K. Clark, **TAFT STETTINIUS & HOLLISTER LLP**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Ernest A.N. was arrested and detained by immigration officials on June 20, 2026, after local law enforcement authorities arrested him for Driving While Impaired. Ernest A.N. petitions for a writ of habeas corpus, arguing that he is being detained

unlawfully.  Because the Court concludes that Ernest A.N.'s conditional parole was not properly revoked before he was detained, the Court will grant his petition and order that he be released.

## BACKGROUND

Ernest A.N. is a citizen of Cameroon and a resident of St. Paul, Minnesota.  (Pet. Writ of Habeas Corpus ("Pet.") ¶ 63, July 31, 2026, Docket No. 1.)  He entered the United States without inspection on or around February 8, 2024.  (*Id.* ¶ 64.)  That same day, immigration officials detained Ernest A.N., issued a Notice to Appear, placed him in removal proceedings, and released him into the United States.  (*Id.* ¶ 65.)  Ernest A.N.'s Order for Release on Recognizance (Form I-220A) provided that, as a condition of his release, he "must not violate any local, State, or Federal laws or ordinances."  (Decl. of Ivan Sabin ("Sabin Decl."), Ex. E, Aug. 8, 2025, Docket No. 7-5.)  Ernest A.N. has a pending asylum application and a hearing scheduled before an immigration judge on September 11, 2026.  (Pet. ¶¶ 67–68.)

On June 20, 2026, Ernest A.N. was arrested by local police for "Driving While Impaired, Traffic Collision—Failure to Notify Owner/Police of Damaged Property, and Reckless Driving."  (Sabin Decl. ¶ 6.)  He was then placed in detention at the Washington County Jail.  (*Id.* ¶ 7.)  On June 21, Immigration and Customs Enforcement (ICE) officials lodged an immigration detainer to the Washington County Jail, and the ICE Section Chief issued a Form I-200, Warrant for Arrest of Alien.  (*Id.*)  On June 24, ICE served Ernest A.N. with the Form I-200 warrant and arrested him.  (*Id.* ¶ 8.)  Despite Ernest A.N.'s arrest by

-2-

immigration officials, the "Cancellation of Order" section on his Order for Release on Recognizance is blank.  (Sabin Decl., Ex. E.)

On July 31, 2026, Ernest A.N. filed a petition for writ of habeas corpus, contending that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Fourth Amendment, the Administrative Procedure Act, and the Immigration and Nationality Act.  (Pet. ¶¶ 79–124.)  The Court then issued an order (1) enjoining Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had been removed and (2) directing Respondents to file an answer by August 5, 2026.  (Docket No. 5.) Respondents timely filed a response (Docket No. 6), and Petitioner replied (Docket No. 9).

## DISCUSSION

### I.    STANDARD OF REVIEW

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

### II.    ANALYSIS

Ernest A.N.'s release on recognizance on February 9, 2024, granted him a "conditional parole" under 8 U.S.C. § 1226(a)—as opposed to "humanitarian parole" available under 8 U.S.C. § 1225(b)(2)(A).  *See Roberto B.Q. v. Lyons*, Civ. No. 26-2656,

Docket No. 8 (D. Minn. June 10, 2026).[1]  Ernest A.N. argues that his conditional parole was not properly revoked by DHS prior to his detention.

Ernest A.N. was released in February 2024 under a Form I-220A Order of Release on Recognizance, and therefore, Ernest A.N.'s release is governed by 8 C.F.R. § 236.1(c)(9).  That provision states:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained.  If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

After careful review of the record and the parties' arguments, the Court finds that there is no evidence that any immigration official listed in § 236.1(c)(9) properly revoked Petitioner's parole.  Although § 236.1(c)(9) affords the government significant discretion to revoke release, "that discretion must be exercised by *someone*."  *Sandhu*, 2026 WL 1146643, at *4.  Even assuming that an official listed in § 236.1(c)(9) exercised discretion to revoke Petitioner's parole, the record contains no evidence that such official was aware

---

[1] *Compare Aldana v. Collins*, 822 F. Supp. 3d 747, 751 (W.D. Tex. 2026) ("Humanitarian parole is the form of release available under the INA for an 'arriving' noncitizen who is subject to mandatory detention under § 1225(b)(2)(A)."), *with Sandhu v. Mullin*, 7:26CV5009, 2026 WL 1146643, at *3 (D. Neb. Apr. 28, 2026) (noting that a "noncitizen conditionally paroled" under § 1226(a) is "analogous to a criminal parolee").

of the Order of Release on Recognizance, let alone that such official actually exercised discretion to revoke parole. Indeed, Petitioner's Order of Release on Recognizance, like the order at issue in *Sandhu*, leaves the "Cancellation of Order" section blank—which strongly suggests that "no officer, let alone a listed officer, revoked [Petitioner's] conditional parole." *Id.* (quoting *Singh v. Noem*, 824 F. Supp. 3d 1197, 1213–14 (D.N.M. 2026)). In other words, there is no evidence that Ernest A.N.'s conditional parole was revoked. The Court therefore concludes, on record before it, that Respondents failed to follow their own procedures regarding the revocation of release.[2]

In sum, the record demonstrates that ICE failed to follow its own procedures in revoking Petitioner's conditional parole. *See Saengnakhone S. v. Noem*, Civ. No. 25-4775, 2026 WL 34132, at *3 (D. Minn. Jan. 6, 2026) ("Agencies must follow their own regulations." (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954))). As it has in similar cases, the Court will grant the petition for writ of habeas corpus and order that Petitioner be released from custody. *See, e.g.*, *Bryan A.Q.C. v. Lyons*, Civ. No. 26-3165, 2026 WL 1998719, at *3 (D. Minn. July 10, 2026).

---

[2] Respondents contend that ICE's service of the Form I-200 arrest warrant provided "constructive notice" that Petitioner's release had been revoked. (Resp. at 13, Aug. 5, 2026, Docket No. 6.) The Court rejects this contention. Respondents offer no legal authority supporting their position, and, notably, one court has rejected a similar argument that the issuance of a Form I-200, standing alone, can revoke a petitioner's release on recognizance. *See Kevin J.R.M. v. Blanche*, Civ. No. 26-3122, 2026 WL 2230647, at *6 (D. Minn. July 17, 2026), *R&R adopted*, 2026 WL 2227793 (D. Minn. Aug. 3, 2026).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Ernest A.N.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

a.  Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

b.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without any new conditions** such as location tracking devices.  Respondents must also coordinate with Petitioner's counsel to ensure safe release.

c.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on August 14, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  August 12, 2026
at Minneapolis, Minnesota.
at 1:46 p.m.

JOHN R. TUNHEIM
United States District Judge

-6-